# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADRIAN WILLIAMS and HOPE PHILLIPS,**

      **Plaintiffs,**

**v.**                                            Case No:   6:17-cv-103-Orl-31TBS

**BANK OF AMERICA, N.A.,
GLADSTONE LAW GROUP, P.A. and
LIEBLER, GONZALEZ &
PORTUONDO, P.A.,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motions to Dismiss filed by the Defendants, Bank of America, N.A. ("BANA") (Doc. 49); Liebler, Gonzalez & Portuondo ("LGP") (Doc. 50); and Gladstone Law Group, P.A. ("Gladstone P.A.") (Doc. 48); and the Response in in Opposition (Doc. 51) filed by the Plaintiffs, Adrian Williams and Hope Phillips.

## I.    Background

According to the allegations in the Amended Complaint (Doc. 43), which are taken as true for the purposes of resolving this matter, Phillips and Williams executed a promissory note and mortgage in favor of FBC Mortgage LLC on April 19, 2010. (*Id.* ¶ 12.) BANA is the servicer of that loan. (*Id.* ¶ 22.) In late-2011, the Plaintiffs fell behind on their payments and applied for a mortgage modification. (*Id.* ¶ 32.) On May 8, 2013, Phillips executed an amended and restated note (the Amended Note) and entered into a loan modification agreement with BANA. Williams never received or signed these documents. (*Id.* ¶¶ 39–40.) After the modification, BANA began accepting payments from Phillips on the modified loan. (*Id.* ¶ 43.)

On September 29, 2015, BANA, through Gladstone P.A., filed a foreclosure action (the Foreclosure Action) in state court naming both Williams and Phillips as defendants and seeking enforcement of the Amended Note and a deficiency judgment. (Doc. 43 ¶ 47.) One day later, Gladstone P.A. sent a debt validation letter to both Williams and Phillips. (*Id.* ¶ 50.) On January 20, 2015, BANA voluntarily dropped its claims against Williams in the foreclosure action. (*Id.* ¶ 29.) And, on June 23, 2016, LGP entered a notice of appearance in the foreclosure action as co-counsel on behalf of BANA. (*Id.* ¶ 25.)

On these facts, the Plaintiffs bring a five-count complaint alleging that the Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes §§ 559.55–.785. In Counts I and II the Plaintiffs allege that the Defendants violated the FDCPA and FCCPA by filing a wrongful foreclosure suit, through representations made in that suit, and through the September 30, 2015 debt-validation letter sent by Gladstone P.A. In Count III, Phillips alleges that BANA violated the FDCPA by mailing monthly mortgage statements to her home address from October 2015 to January 2017. In Counts IV and V, the Plaintiffs raise these same allegations but under the FCCPA.[1]

## II. Motion to Dismiss Standard

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint—it does not reach the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff.

---

[1] The Plaintiffs have mislabeled Counts II, III, IV, and V as IV, V, VI, and VII in the Amended Complaint. For the sake of clarity, the counts have been relabeled in order of appearance.

*SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly*, 550 U.S. at 555; *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    The Fair Debt Collection Practices Act (FDCPA)**

"The FDCPA regulates what debt collectors can do in collecting debts." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (citing 15 U.S.C. §§ 1692–1692p). To establish a valid claim under the FDCPA, a plaintiff must show that (1) he was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Goodin v. Bank of America, N.A.*, 114 F. Supp. 3d 1197, 1204 (M.D. Fla. 2015) (citing *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000)).

    **A.    Counts I and II**

In Counts I and II the Plaintiffs allege that BANA, Gladstone, and LGP violated the FDCPA through the debt-validation letter dated September 30, 2015; the filing of a foreclosure action on September 29, 2015; and various representations made in the foreclosure action. The Defendants argue that most of these allegations are barred by the one-year statute of limitations for FDCPA claims and that the Court should abstain from exercising jurisdiction over the remainder. 15 U.S.C. § 1692k(d). The Court agrees.

First, it is clear that any FDCPA action based on the September 30, 2015 letter is time-barred. An FDCPA claim based on representations made in a letter accrues on the day after the letter was sent. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995). The current claim was filed on January 23, 2017, thus, the one-year statute of limitations expired well before the filing of the current action.

Second, the FDCPA claim based on the Foreclosure Action is time-barred. The Eleventh Circuit has not yet decided when an FDCPA claim arising out of a foreclosure action accrues. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 930 (11th Cir. 2017). "But every other

court to consider the question has determined that the clock begins to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit—not when the initial suit ultimately was terminated." *Id.* (citing *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445–46 (5th Cir. 2013); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)). Thus, the Plaintiffs' FDCPA claim based on the foreclosure action accrued on October 26, 2015, at the latest.[2] Since this action was filed on January 23, 2017, over one year and three months later, any claim based on the Foreclosure Action itself is time-barred.

Finally, the only remaining allegations in Counts I and II are based on statements made in a response to discovery requests and an affidavit in the Foreclosure Action. The Plaintiffs claim that the statements made in these documents violate the FDCPA because they "state affirmatively that Mrs. Phillips assumed obligations of the subject note when BANA *knows* that Mrs. Phillips never assumed the amended and restated note pursuant to HUD guidelines . . . ." (Doc. 51 at 13–14) (emphasis in original). Whether or not Phillips assumed the obligations of the note is a question currently before the state court in the Foreclosure Action. Therefore, the Court will determine whether abstention is appropriate.

### B. *Colorado River* Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule," and is warranted only in "exceptional circumstances." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quotation marks omitted). To determine whether abstention is appropriate, federal courts undertake two inquiries. First, courts determine whether

---

[2] The foreclosure action was filed on September 29, 2015; Phillips was served in that action on October 7, 2015; and Williams was served in the same on October 26, 2015. *See* Affidavit of Service, *Bank of America v. Phillips*, 2015-CA-008987-O (Fla. Orange Cty. Ct. 2015).

- 5 -

the state and federal proceedings are parallel. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329–30 (11th Cir. 2004). If so, courts weigh six factors: "(1) whether one of the courts have assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* at 1331 (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882,884 (11th Cir. 1990)). In addition to these factors, courts may consider "the vexatious or reactive nature of either the federal or state litigation" when weighing the above factors. *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).

### 1. The cases are parallel.

Cases are parallel under the *Colorado River* abstention doctrine "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330.

While not identical, the parties here are substantially the same as those in the state foreclosure action. BANA and the Plaintiffs are parties in the state foreclosure action, and LGP and Gladstone P.A. represent BANA in that action.[3] *See Jacobbi v. Aldridge Pite LLP*, No. 3:16-cv-553-J-32JRK, 2017 U.S. Dist. LEXIS 25104, at *4–5 (M.D. Fla. Feb. 23, 2017) (finding that parties were substantially the same on nearly identical facts). And, according to the Plaintiffs' own allegations here, the issue of whether Phillips assumed obligations under the mortgage is currently at issue in the foreclosure case. (Doc. 51 at 13–14). Indeed, the Plaintiffs allege that "[t]he entire basis for BANA's lawsuit against [them] rests on BANA's proposition that Mrs. Phillips assumed

---

[3] Williams was an original party to the suit, but was subsequently dropped from the case voluntarily. *Bank of America v. Phillips*, 2015-CA-008987-O (Fla. Orange Cty. Ct. 2015).

responsibility under the note when she attempted to modify" the loan. (Doc. 43 at 14.) Therefore, this action is parallel to the Foreclosure Action.

### 2. The state court has assumed jurisdiction over property.

If the Court were to determine the validity of the amended note and modified mortgage, such a determination would necessarily impact rights in property that the state court has already assumed jurisdiction over. Thus, whether or not the state court has assumed jurisdiction over property is often considered the most important factor when considering abstention. *Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *5; *see Colorado River*, 424 U.S. at 818 ("the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts").

Here, the Notice of Lis Pendens filed in the state Foreclosure Action on September 29, 2015, shows that the state court has assumed jurisdiction over property that is directly related to the issue before the Court here. *Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *5 (citation omitted). Therefore, this factor weighs heavily in favor of abstention.

### 3. Neither forum is inconvenient.

When considering this factor, courts "focus primarily on the physical proximity of the federal forum to the evidence and the witnesses." *Ambrosia Coal*, 368 F.3d at 1332. Both the state and federal court are located in Orange County, Florida. And there is no reason to believe that either forum is more convenient than the other. Therefore, this factor is neutral. *Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *7.

### 4. There is a risk of piecemeal litigation.

This factor "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. Here, if both state and federal actions proceed "there is a very real risk of

piecemeal litigation and a risk that the two courts may reach opposite results which could lead to uncertainty as to the proper owners of the [p]roperty." *Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *7; *see Sergeon v. Home Loan Ctr.*, 2010 U.S. Dist. LEXIS 140571 at *21 (M.D. Fla. Oct. 26, 2010) ("Because this dispute primarily involves rights in Florida real estate, it is obviously deleterious, to the point of being 'abnormally' so, to have two separate courts trying to determine property rights . . . ."). The state court's adjudication in the foreclosure case creates a real possibility that its findings would have a preclusive effect on the current case. Therefore, this factor weighs heavily in favor of abstention.

### 5. The state court obtained jurisdiction first.

This factor favors abstention. The state court action was filed on September 29, 2015, over one year and three months before this federal action. (Doc. 43 ¶ 47.)

### 6. Both federal and state law will be applied.

The Amended Complaint alleges that the Defendants violated both federal (FDCPA) and state laws (FCCPA). However, "[t]he core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law." *Beepot v. J.P. Morgan Chase Nat'l Corp. Servs.*, 2011 U.S. Dist. LEXIS 113124 at *32–33 (M.D. Fla. Sep. 30, 2011) (quotation omitted). Additionally, "Florida state courts routinely entertain federal statutory . . . FDCPA claims, and common law claims, as counterclaims or affirmative defenses in state foreclosure actions." *Id.* Therefore, this factor weighs in favor of abstention.

### 7. The state court can adequately protect the parties' rights.

"This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334. Here, no party has

suggested that either forum is inadequate. Therefore, this factor is neutral. *Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *9.

### 8. This suit was clearly filed as a reaction to the Foreclosure Action.

The vexations or reactive nature of a case can also sway a decision to abstain. *Ambrosia Coal*, 368 F.3d at 1331. Here, the Defendants claim that the Plaintiffs filed the current suit as retaliation for the Foreclosure Action, and the Plaintiffs' complaint supports such a claim. All of the Plaintiffs' allegations in Counts I and II that are not time-barred are based on actions taken during the course of the Foreclosure Action. *See Jocobbi*, 2017 U.S. Dist. LEXIS 25104, at *10 (finding that a federal claim was reactive when the complaint was based on actions taken "during or in relation" to a state foreclosure action). Therefore, this factor weighs heavily in favor of abstention.

### 9. Summary

The Foreclosure Action and the current case are parallel. After assessing the *Colorado River* factors, the first, third, fourth, and fifth factors weigh in favor of abstention while the remaining factors are neutral at best. Additionally, it is clear to the Court that this case was filed as a reaction to the Foreclosure Action. Thus, after considering all of these factors "flexibly and pragmatically," *Ambrosia Coal*, 368 F.3d at 1332, the Court finds that abstention is proper under *Colorado River*. Therefore, the Court will abstain from exercising jurisdiction over Counts I and II.

## C. Count III

In Count III, Phillips alleges that BANA violated the FDCPA by "by mailing monthly mortgage statements from October 2015 until January 2017 at her home address." (Doc. 43 ¶ 81.)

But these mortgage statements do not constitute "debt collection" under the FDCPA. *Antoine v. Carrington Mortg. Servs., LLC*, 2017 U.S. Dist. LEXIS 126220 at *5 (S.D. Fla. Aug. 7, 2017). Indeed, BANA is required by federal law, specifically the Federal Truth in Lending Act Regulation Z to send mortgage statements to Phillips. *See* 12 C.F.R. § 1026.41. And Phillips "cannot state a claim under the FDCPA with respect to the monthly mortgage statements sent pursuant to federal law." *Id.* (quoting *Brown v. Select Portfolio Servicing*, No. 16-62999-CIV, 2017 LEXIS 44395 at *5 (S.D. Fla. March 24, 2017)). Therefore, Phillips has failed to state a claim in Count III.

**IV.    The FCCPA**

Since the Court has dismissed or abstained from all federal claims brought before it, the Court declines to exercise jurisdiction over the state law claims asserted in Counts I, II, IV, and V. 28 U.S.C. §1367(c)(3).

**V.    Conclusion**

It is, therefore,

**ORDERED** that the Motions to Dismiss (Docs. 48, 49, 50) are **GRANTED**, and the Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 24, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party